```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                    BECKLEY DIVISION
```

**ROY HORTON,**

    **Petitioner,**

**v.**                                      **Civil Action No. 5:02-1051**

**CHARLES T. FELTS, Warden,**
**FCI Beckley**,

    **Respondent.**

## MEMORANDUM OPINION

Pursuant to the court's order of March 23, 2006, in which the court overruled petitioner's objections to Magistrate Judge R. Clarke VanDervort's Proposed Findings and Recommendation [hereinafter "Findings and Recommendation" or "F & R"], confirmed and accept the F & R, and indicated that an explanatory memorandum opinion would follow forthwith, the court now issues its Memorandum Opinion. The court conducted a de novo review of the record. For the reasons below, the court agrees with the findings of the magistrate judge.

### I.  Factual Background

Pending before the court is petitioner's motion to reopen time to file appeal, filed on May 27, 2005 (Doc. No. 47). On August 20, 2002, petitioner filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 2.) On August 20, 2004, this court dismissed petitioner's application after accepting proposed findings and recommendation from

Magistrate Judge VanDervort. (Doc. No. 46.) Time to appeal that judgment order elapsed on October 18, 2004, sixty days after the judgment order was entered. See Fed. R. App. P. 4(a)(1)(B). Petitioner claims that he did not receive a copy of the judgment order dismissing his § 2241 application until May 18, 2005. (Doc. No. 47 at 3.) Now, he moves this court to reopen his time to appeal. (Id.)

On January 19, 2006, the magistrate judge entered his Proposed F & R as to petitioner's motion to reopen time to file appeal (Doc. No. 49.) In the proposed F & R, the magistrate judge reasoned that the district court's power to extend the time to file an appeal expired at the latest 180 days after the judgment order was entered. See Fed. R. App. P. 4(a)(6). That date was February 16, 2005. Because petitioner did not move to reopen the time to file an appeal until May 27, 2005, his motion came too late.

Accordingly, the magistrate judge proposed that the district court (1) deny petitioner's motion to reopen time to appeal (Doc. No. 47), (2) dismiss this matter, and (3) direct the Clerk to remove this matter from the court's active docket. On February 3, 2006, petitioner filed a declaration and several objections to the magistrate judge's proposed F & R. The court has conducted a *de novo* review of petitioner's motion and now considers each of petitioner's objections to the magistrate judge's proposed F & R.

## II. Analysis

Having reviewed the record and applicable case law, the court finds that petitioner's objections are without merit. In the proposed F & R, the magistrate judge suggested that the judgment order may have been misdirected to Roy Defern Horton rather than petitioner. At the time the proposed F & R was filed, Roy Defern Horton was also an inmate at FCI Beckley. Petitioner objects that the magistrate judge failed to investigate whether Roy Defern Horton was incarcerated at FCI Beckley when the judgment order was entered. (Doc. No. 51 at 1-2.) The existence of similarly named individuals at FCI Beckley is irrelevant to the merits of petitioner's motion because it does not affect its timeliness. Accordingly, petitioner's first objection is OVERRULED.

In his final two objections, petitioner argues that Federal Rule of Appellate Procedure 4(a)(6) states alternative time limits for the filing of a motion to reopen time to file and appeal. (Doc. No. 51 at 2.) As the magistrate judge explained, the rule prevents a district court from reopening time to file an appeal after 180 days from the entry of the judgment order even if notice is received later. Fed. R. App. P. 4(a)(6) (stating that the motion must come within 180 days after entry of the judgment order or within 7 days after the moving party receives notice, <u>whichever is earlier</u>). The 180-day deadline expired

earlier than the notice based 7-day deadline, and thus, the 180-day deadline applies in this case. Petitioner's motion was received beyond the 180-day deadline. Even if the petitioner received notice the 180-day deadline expired, this court is without power to extend time to file an appeal beyond it. Fed. R. App. P. 4(a)(6). Accordingly, petitioner's second and third objections are OVERRULED.

### III. Conclusion

For the reasons discussed above, the magistrate judge's decision was well-reasoned and supported by court rules and case law. Petitioner's objections are accordingly OVERRULED. The Clerk is directed to forward a copy of this Memorandum Opinion to all counsel of record and the petitioner, pro se.

IT IS SO ORDERED this 27th day of March, 2006.

ENTER:

David A. Faber
Chief Judge